UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH GAYMON,<br>　　　　Petitioner,<br><br>v.<br><br>DAVID STRANGE<br>COMMISSIONER OF CORRECTION,<br>　　　　Respondents. | PRISONER CASE NO.<br>3:09cv982 (JCH)<br><br>AUGUST 17, 2009 |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 1)**

Petitioner Joseph Gaymon brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his February 2008 conviction on a charge of possession of narcotics. Petitioner asserts that his conviction is invalid because it violates his Fifth Amendment guarantee against double jeopardy and his Sixth Amendment right to effective assistance of counsel. For the reasons that follow, the Petition will be dismissed.

**I.　DISCUSSION**

On February 14, 2008, petitioner entered into a plea agreement and pleaded guilty to one count of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of Connecticut General Statutes § 21a-278(b). Pursuant to the plea agreement, a judge imposed a sentence of twelve years of imprisonment, execution suspended after seven years and followed by five years of probation. Petitioner filed a Petition for Writ of Habeas Corpus in state court in April 2008 and a Motion to Correct Illegal Sentence in August 2008. On November 21, 2008, a judge denied the Motion to Correct Illegal Sentence. The Petition for Writ of Habeas Corpus

asserts the same claims as the Petition filed in this action and remains pending.

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. 28 U.S.C. § 2254(b)-(c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." Id. at 845.

The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted). Second, he must have given the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir. 2005) (quoting O'Sullivan, 526 U.S. at 845). The Supreme Court has cautioned that an exception to the exhaustion requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981); 28 U.S.C. § 2254(b)(1)(B)(ii) (exhaustion not required if "circumstances exist that render such process ineffective to protect the rights of the applicant").

Petitioner states that he sought leave to proceed pro se in the state habeas petition, but the judge initially denied his request and ordered the public defender's office to appoint an attorney to represent him. Petitioner states that on May 1, 2009, the judge granted respondent's motion for reconsideration of the order directing the

public defender's office to appoint counsel for him.  On May 8, 2009, the judge granted petitioner's motion for leave to file a second amended petition.  Petitioner has not shown that the avenues for relief in state court are unavailable or clearly deficient.  Thus, he fails to satisfy the criteria to excuse the exhaustion requirement.

**II.    CONCLUSION**

The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED without prejudice for failure to exhaust state court remedies.[1]  The court concludes that jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies.  Thus, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgement and close this case.

**SO ORDERED**.

Dated at Bridgeport, Connecticut, this 17th day of August, 2009.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] Where a petition contains both exhausted and unexhausted claims, the district court should not dismiss the petition if an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court.  See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court).  Here, however, petitioner has not fully exhausted any claim included in his federal petition.  Thus, a stay is inappropriate.